United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20283-CR-Scola |
| Juan Pablo Medina, Defendant. | ) ) ) ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Juan Pablo Medina's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 106.) The Government has responded, opposing Medina's motion. (Resp., ECF No. 108.) Medina has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**Mot., ECF No. 106**.)

1. **Background**

On June 28, 2022, a federal grand jury indicted Medina and his co-defendants with conspiracy to possess with intent to distribute a controlled substance and possessing with intent to distribute a controlled substance, both while on board a vessel subject to the jurisdiction of the United States. (ECF No. 8.) On December 2, 2022, pursuant to a plea agreement (ECF No. 57) and factual proffer (ECF No. 58), Medina pleaded guilty to count one of the indictment—the conspiracy count.

In preparation for Medina's sentencing, the United States Probation Office prepared a pretrial services report ("PSI"), which determined that Medina had a total offense level of 33, a criminal history category of I, and an advisory guideline range of 135 to 168 months. (*See* Resp., ECF No. 108, 1–2.) This included a two-level safety-valve adjustment. (*Id.* at 2.) On February 21, 2023, the Court sentenced Medina to 72 months in prison, followed by five years of supervised release. (J., ECF No. 88.) Medina's anticipated release date is July 4, 2027.

Since Medina was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant

offense did not involve specified aggravating factors" ("Amendment 821"). Medina now seeks retroactive application of Amendment 821 to the Court's judgment.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. Medina is not eligible for a sentence reduction.

As noted, the retroactive amendment that Medina invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Here, the Court need not determine whether Medina meets these criteria because a reduction of his sentence would not be consistent with Amendment

821's applicable policy statements. Specifically, if the Court were to apply Amendment 821 to Medina's guideline range, it would result in an offense level of 31, with a criminal history category of I, and a new guideline range of 108 to 135 months. However, pursuant to the applicable policy statement, the Court cannot reduce Medina's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 108 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). Because the Court's judgment imposed a sentence of 72 months, which is below the new guideline range, the Court is precluded by the applicable policy statement from reducing Medina's sentence pursuant to § 3582(c)(2).

Moreover, because a reduction in Medina's sentence would be inconsistent with the applicable policy statements, the Court need not consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Medina's for a reduction of his sentence (**ECF No. 106**.)

**Done and ordered** at Miami, Florida on December 18, 2023.

Robert N. Scola, Jr.
United States District Judge